IN THE UNITED STATES DISTRICT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **CURT TOMLINSON,** | : | Case No. 1:16-cv-00376-WOB |
| Plaintiff, | : | Judge William O. Bertelsman |
| | : | Magistrate Judge Litkovitz |
| v. | : | |
| **THE WESTERN STATES MACHINE CO.,** | : | **STIPULATED PROPOSED PROTECTIVE ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION** |
| Defendant. | : | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendant The Western States Machine Company ("WSM") and Plaintiff Curt Tomlinson, subject to approval by the Court, hereby stipulate to the following Order relating to confidential business and other proprietary information.

**IT IS HEREBY STIPULATED THAT:**

Each party to this proceeding or any subsequent appeals and anyone else who may subscribe to this Stipulated Protective Order ("Order") agree as follows:

**PURPOSE**

The parties recognize that preparation and trial of this action may require the discovery of confidential and/or proprietary materials containing proprietary business, personnel, medical, financial information or such other sensitive commercial information that is not publicly available. The parties desire to litigate this action without jeopardizing the parties' interest and expectation in the privacy and confidentiality of their records and so enter this Order.

**INFORMATION SUBJECT TO THIS ORDER**

1. For purposes of this Order, Confidential Information includes the parties' business records and other proprietary materials containing confidential business, personnel,

medical, financial information or such other sensitive commercial information that is not publicly available: (a) conveyed by or contained in a document produced; (b) stated in answer to an interrogatory or request for admission; (c) disclosed in an oral deposition by a party or a non-party in the course of discovery in this proceeding; or (d) disclosed pursuant to a written voluntary agreement among counsel. Either party that produces information which is reasonably believed by it to be Confidential Information may, at the time of production, designate such information as "Confidential" and the information so designated shall thereafter be subject to the provisions of this Order. In the case of documents, each page that is to be produced under this Order shall be separately marked "Confidential."

## PERSONS AUTHORIZED TO RECEIVE "CONFIDENTIAL" INFORMATION

2. Any Confidential Information pursuant to Paragraph 1 of this Order shall not be disclosed to any person whatsoever other than the parties and their officers and management employees, including in-house counsel, and their secretarial or clerical staffs; attorneys of record, their legal assistants, including paralegals, and their secretarial or clerical staffs; court reporters and the Court; deponents, witnesses and/or potential deponents and witnesses in this action, but only on an as needed basis; and expert witnesses, and their secretarial or clerical staffs, retained by either party, provided that such persons agree to not disclose or otherwise use such Confidential Information in any manner other than for the purpose of providing an expert opinion.

## LIMITATIONS ON THE USE OF "CONFIDENTIAL" INFORMATION

3. Any information designated "Confidential" pursuant to Paragraph 1 of this Order shall be held in confidence by each person to whom it is disclosed, shall be used by the person

who receives such information only for the purposes of this proceeding, and shall not be used by the recipient of the information for any function other than this litigation.

4. If any information or documents designated as "Confidential" as provided in Paragraph 1 of this Order are used in depositions, the reporter shall be instructed either (1) by a statement on the record by counsel at the time of the deposition, or (2) by written notice to all counsel within 30 business days after the receipt of the transcript that the portions of the depositions relating to the "Confidential" information, as well as any "Confidential" documents which are made exhibits, shall be retained under seal and if filed in connection with this proceeding or any subsequent appeal, shall be filed pursuant to this Order as set forth in Paragraph 5, and that copies of such materials shall be given only to counsel of record. Only those persons afforded access under Paragraph 2 may be present at any examination concerning "Confidential" information.

5. If any "Confidential" information or documents are incorporated in any paper to be filed in connection with this proceeding or any subsequent appeals, the filing party shall request permission from the Court to file the materials under seal. This Protective Order does not authorized filing protected materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). Unless the Court orders otherwise, all sealed documents shall be filed according to S.D. Ohio Civ. R. 79.3. Documents ordered sealed by the Court are not to be disclosed to any persons other than the Court and counsel of record in this action.

## **FINAL TERMINATION OF PROCEEDING**

6. Fifteen calendar days after final termination of this proceeding, including all subsequent appeals, each party shall destroy all materials produced and designated as

"Confidential" and all copies thereof. If a party, within fourteen calendar days of the final termination of this proceeding, requests that the "Confidential" material be returned, the party to whom the request is made shall return all such "Confidential" materials produced and all copies thereof. Unless a court orders otherwise, the parties shall continue after final termination of this proceeding to keep confidential the information and documents exchanged pursuant to this Order. Confidential Information incorporated into pleadings, exhibits, legal memoranda or similar documents need not be destroyed but shall remain confidential.

7. This Order shall be without prejudice to the right of any party or non-party to present to the Court a motion for a separate Protective Order as to any such particular document or information, including restrictions differing from those as specified herein, and this Order shall not be deemed to prejudice either party in any way in any future application for modification of this Order.

8. The parties must agree in writing to withdraw the designation of "Confidential." If a party notifies the opposing party in writing that it disputes the confidentiality designation of a document, the party challenging the designation of the document as "Confidential" shall bear the burden of going forward to move the Court to resolve the issue after the parties have attempted to resolve their dispute in good faith. The document in question will remain subject to the confidentiality provisions of this Order until the Court rules on the designation of the document.

9. This Order has no effect upon, and shall not apply to, the parties' own use of the information and documents that party produced under the protections of this Order.

10. If additional parties join or are joined in this action, they shall not have access to material marked "Confidential" until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

11. This Order shall not apply to information in the public domain or obtained from other sources not in violation of this Order regardless of whether or not such information is also contained in discovery materials designated as "Confidential" in this case.

12. If either party to this Order inadvertently discloses documents or other material protected by the attorney-client privilege or the attorney work product doctrine, regardless of whether the documents or other material are produced pursuant to this Order, the party receiving such documents or material shall immediately return the documents or material upon request and shall not retain any copies or use the documents or material in any way.

13. The undersigned counsel for the parties agree on behalf of their respective firms and clients to the terms set forth herein, and consent to the form and entry of this Order.

14. The United States District Court for the Southern District of Ohio retains jurisdiction to alter or amend this Order by further order of the Court upon a showing of good cause. Upon approval by the Court, this Stipulated Protective Order shall be effective as the Order of the Court. Nothing in this Order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made concerning the issue of the status of "Confidential" information.

**SO ORDERED:**

_10/2/17_
Dated

_Karen L. Litkovitz_
Karen L. Litkovitz
United States Magistrate Judge

**STIPULATED:**

*s/ Jeffrey S. Shoskin*
Jeffrey S. Shoskin (0013309)
Frost Brown Todd LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
(513) 651-6834 (telephone)
(513) 651-6981 (facsimile)
jshoskin@fbtlaw.com

*Attorney for Defendant*


*s/ David G. Torchia* (by email authorization)
David G. Torchia (0015962)
Tobias, Torchia & Simon
911 Mercantile Library Building
414 Walnut Street
Cincinnati, Ohio 45202
(513) 241-8137 (telephone)
(513) 241-7863 (facsimile)
davet@tktlaw.com

*Attorney for Plaintiff*

0094859.0635498  4838-2299-2441v1